CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
C'Ville
DEC 03 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SMART CHOICE CONSTRUCTION, INC., | Civil Action No. 3:12CV00021 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | By: Hon. Glen E. Conrad |
| CECO BUILDING SYSTEMS, et al., | Chief United States District Judge |
| Defendants. | |

Smart Choice Construction, Inc. ("Smart Choice") filed this action for breach of contract in the Circuit Court for the County of Culpeper against Ceco Building Systems ("Ceco") and Wayne's Erecting, LLC ("Wayne's Erecting"). After the case was removed to this court on the basis of diversity jurisdiction, Smart Choice amended its complaint to include the subject contracts with Ceco and Wayne's Erecting. Relying on the forum selection clause contained in the Ceco contract attached to the amended complaint, Ceco has now moved to transfer venue to the United States District Court for the Southern District of Texas, Houston Division.

## Background

Ceco is a Delaware corporation with its principal place of business in Houston. In 2008, Ceco entered into a contract with M.D. Russell Construction ("M.D. Russell"), pursuant to which Ceco agreed to provide the materials for the construction of a metal office building in Culpeper, Virginia. M.D. Russell entered into a separate contract with Wayne's Erecting, a North Carolina limited liability company, pursuant to which Wayne's Erecting agreed to construct the office building using the materials provided by Ceco. Both contracts were later assigned to Smart Choice, a building contractor based in Boston, Virginia.

In the instant case, Smart Choice claims that Ceco breached its contract (the "Ceco contract") by providing the wrong screws for the roof of the building. Smart Choice also claims that Wayne's Erecting breached its contract with Smart Choice by installing the building incorrectly.

After the case was removed to this court, Smart Choice amended its complaint to include the subject contracts as exhibits.[1] Article 10 of the Ceco contract provides as follows:

> Buyer hereby acknowledges, stipulates and agrees that . . . any and all claims, actions, proceedings or causes of action relating to the validity, performance, interpretation, and/or enforcement hereof shall be submitted exclusively to a court of competent jurisdiction in Houston, Harris County, Texas . . . . Buyer irrevocably submits itself to the exclusive jurisdiction of the State and Federal courts in Houston, Harris County, Texas . . . . Buyer irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the laying of exclusive venue of any litigation arising out of or in connection with this Agreement or any other agreement or transaction brought in any such court . . . . Buyer irrevocably waives any claims that litigation brought in any such court has been brought in an inconvenient forum.

(Am. Compl. Ex. 1, Art. 10.) The Ceco contract also contains a Texas choice-of-law provision.

Relying on the forum selection clause contained in Article 10 of the Ceco contract, Ceco has moved to transfer the case, in its entirety, to the Houston Division of the United States District Court for the Southern District of Texas or, in the alternative, to sever the claim against Ceco and transfer such claim to the Houston Division.[2] The court held a hearing on the motion on November 16, 2012.

---

[1] Ceco previously moved to dismiss the original complaint on the basis that the price proposal attached to the complaint was not an enforceable contract. Because the complaint has been amended to correct this deficiency, Ceco acknowledges that its pending motion to dismiss can be denied as moot.

[2] Ceco's motion is brought pursuant to 28 U.S.C. § 1406(a). Under this statute, if the court determines that venue is improper, it must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

**Discussion**

The United States Court of Appeals for the Fourth Circuit has held that forum selection clauses are procedural matters governed by federal law.³ Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650 (4th Cir. 2010). "When construing forum selection clauses, federal courts have found dispositive the particular language of the clause and whether it authorizes another forum as an alternative to the forum of the litigation or whether it makes the designated forum exclusive." Id. A forum selection clause that contains "specific language of exclusion" will be interpreted as mandatory and excluding venue elsewhere. Id. at 650-51. Absent a clear showing that enforcement of a mandatory forum selection clause would be unreasonable, the clause should be enforced. Id. at 651. A forum selection clause may be found unreasonable only if:

> (1) [its] formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of [its] day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state.

Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (summarizing the standard for unreasonableness set forth in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15-18 (1972)).

In this case, the forum selection clause contained in Article 10 of the Ceco contract is unequivocally mandatory. As set forth above, it provides that "all claims, actions, proceedings or causes of action relating to the validity, performance, interpretation, and/or enforcement" of the Ceco contract "shall be submitted exclusively to a court of competent jurisdiction in Houston, Harris County, Texas," and that the "Buyer [the plaintiff] irrevocably submits itself to the

---

3 The resolution of this motion does not hinge on this issue, however, because both Virginia and Texas have adopted the federal standard for determining whether a forum selection clause is valid and enforceable. See Paul Bus. Sys., Inc. v. Canon U.S.A., Inc., 397 S.E.2d 804, 807-08 (Va. 1990) (applying the federal standard for analyzing the enforceability of a forum selection clause); In re AIU Ins. Co., 148 S.W.3d 109, 113-14 (Tex. 2004) (same).

3

exclusive jurisdiction of the State and Federal courts in Houston." (Am. Compl. Ex. 1, Art. 10.) Given such "specific language of exclusion," the clause is mandatory and must be enforced unless it would be unreasonable to do so. See Albemarle, 628 F.3d at 650-51.

In opposing Ceco's motion, Smart Choice primarily argues that the Western District of Virginia is a "more convenient venue for all parties."[4] (Br. in Opp'n ¶ 7.) However, in order to invalidate a forum selection clause for inconvenience, the opposing party must show that the hardship of transfer to the selected forum would be so "grave" that the party would be deprived of its day in court. Albemarle, 628 F.3d at 651. This "heavy" burden has simply not been met in the instant case. The Bremen, 407 U.S. at 17. Ceco's corporate headquarters are located in Houston, and "there is no evidence that this forum was fixed as a way to discourage potential plaintiffs from pursuing legitimate claims." Smith v. AEGON USA, LLC, 770 F. Supp. 2d 809, 812 (W.D. Va. 2011) (enforcing a clause requiring litigation in Cedar Rapids, Iowa). Likewise, there is no evidence that requiring Smart Choice to travel to Houston would be so unduly inconvenient that it would essentially deprive Smart Choice of the opportunity to adjudicate its claim against Ceco. Courts have recognized that when parties enter into an agreement with a forum selection clause, "they effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court whether for costs or other reasons." Bancroft Life & Cas. ICC, Ltd. v. FFD Resources II, LLC, No. H-11-2384,

---

[4] Smart Choice also suggests that Ceco waived the right to enforce the forum selection clause by electing to invoke the jurisdiction of this court. However, such argument is unsupported by existing case law. See, e.g., Kilgallen v. Network Solutions, Inc., 99 F. Supp. 2d 125, 129 (D. Mass. 2000) (rejecting the plaintiff's argument that the defendant waived the right to object to venue by not raising the objection in the removal notice); Torres v. SOH Distrib. Co., No. 3:10-CV-179, 2010 U.S. Dist. LEXIS 47448, at *9 n.3 (E.D. Va. May 13, 2010) ("quickly discard[ing]" the plaintiff's argument that the defendant waived the right to enforce the forum selection clause by removing the case from state court to federal court). Moreover, as Ceco notes in its reply brief, the contract containing the forum selection clause was not made a part of the record until after the case was removed from state court and Smart Choice filed an amended complaint.

2012 U.S. Dist. LEXIS 108293, at *69 (S.D. Tex. Aug. 2, 2012) (internal citation and quotation marks omitted). Moreover, in this case, the Ceco contract contains an express waiver of any claim that Texas would be an inconvenient forum. On this record, the court agrees with Ceco that Smart Choice, as assignee to the Ceco contract, "should not be allowed . . . to enforce certain provisions in the [contract] while at the same time avoiding its obligations under other provisions, such as the forum selection clause." Ada Liss Group, Ltd. v. Sara Lee Corp., No. 1:06CV610, 2010 U.S. Dist. LEXIS 125208, at *8 (M.D. N.C. Nov. 24, 2010). Accordingly, the court concludes that the forum selection clause must be enforced.

Under § 1406(a), the court may only transfer a matter to a district in which the matter "could have been brought." 28 U.S.C. § 1406(a). Because the breach of contract claim against Wayne's Erecting is based on a separate contract that contains no forum selection clause, and since there is no indication that the claim against Wayne's Erecting could have been brought in Texas, the court declines to transfer the case in its entirety. Instead, the court will exercise its discretion to sever the claim against Ceco from the claim against Wayne's Erecting, and transfer the claim against Ceco to the Southern District of Texas. The court will retain jurisdiction over the claim against Wayne's Erecting.[5] See Fed. R. Civ. P. 21 (permitting the court to sever a claim against a party); see also Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994) ("in the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court has a choice. One option . . . is to sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district."); Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1518-19 (10th Cir.

---

[5] Although litigating in separate forums may be less convenient for Smart Choice, the court is convinced that such inconvenience cannot overcome the validity of the forum selection clause contained in the Ceco contract.

1991) ("[W]here certain claims in an action are properly severed . . . , two separate actions result; a district court may transfer one action while retaining jurisdiction over the other.").

## Conclusion

For the reasons stated, the court will sever Smart Choice's claim against Ceco from its claim against Wayne's Erecting, thereby creating two separate actions. The court will grant Ceco's motion to transfer the Ceco action to the Houston Division of the Southern District of Texas. The court will retain jurisdiction over the action against Wayne's Erecting.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 3rd day of December, 2012.

_____
Chief United States District Judge